[Civ. No. 1455. Fourth Appellate District.—October 17, 1934.]

BLANCHE ILLINGSWORTH, a Minor, etc., Appellant, v. ADALAIDE BOYD, Respondent.

A. P. Nelson for Appellant.

Fred A. Wilson for Respondent.

BARNARD, P. J.—Shortly after noon on July 17, 1932, the plaintiff was injured while riding in an automobile driven by the defendant. It is conceded that the plaintiff was at the time the guest of the defendant and this action is based upon the theory of wilful misconduct. The defendant and her guest started at Pine Knot and were proceeding westerly toward San Bernardino. While rounding a curve some two miles distant from their starting point, the automobile in which they were riding skidded and crashed into a guard rail, resulting in painful injuries to the plaintiff. In this action, which followed, the court found in all respects in favor of the defendant and the plaintiff has appealed from the judgment entered.

The only point raised is that the findings are not supported by the evidence. The findings attacked are to the effect that the respondent was not guilty of wilful misconduct, it being urged by the appellant that such wilful misconduct conclusively appears from the evidence. While the appellant's brief sets forth certain facts which are said to be shown by the evidence, none of these asserted facts are supported either by a quotation from or a reference to the transcript.

On the other hand, an examination of the transcript discloses facts considerably at variance with those set forth by the appellant, which may be briefly stated as follows: At the point where the accident occurred there was a rather sharp curve which turned to the left as a driver approached from the east, from which direction this car was coming. The pavement at that point was twenty feet wide and some ten or twelve feet to the right of the pavement was a fence or guard rail. The road was straight for at least three-quarters of a mile to the east of this

curve and a car approaching from this direction would be coming slightly upgrade. One witness testified that this grade was about two per cent. The appellant testified that at a point about one-half mile before they reached the scene of the accident she looked at the speedometer; that at that time they were traveling at approximately forty miles an hour; that she then asked the respondent if she could drive as she knew the road better; and that the respondent said: "No, she knew her car better than I and her brakes were not in very good condition." A written statement made by the appellant on the day after the accident occurred and signed by her was introduced in evidence, in which she said: "On Sunday, July 17, 1932, Miss Boyd, who had been staying with us at Big Bear, offered to give me a ride in her Ford roadster, to San Bernardino so I could visit my father. She had to be back in Riverside for work later in the day. We left Big Bear at about 1:30 p. m., and started down the State Highway thru Big Bear Valley. We had gone about 1½ to 2 miles when we approached what is known as the 'I–S' curve, which is near what is called the 'I–S' ranch. We were going between 35 and 40 miles per hour coming down the straightaway approaching the curve. Just as we reached the beginning of the curve, which turned to our left, a large car coming in the opposite direction made a wide turn around the curve and seemed to be coming directly toward us. Miss Boyd swerved to her right apparently to avoid being hit by this car. In turning to the right, Miss Boyd's car got off the pavement into the loose sand on the shoulder of the road, the sand threw the car out of control and the rear end swung to the right and we slid sideways into the guard fence rails along our right side of the road." The respondent's version is not materially different and is as follows: "Before we arrived at the curve there was a long slope. Coming up on the curve I noticed a large car coming toward us. I do not know the name of it, a large car, and it seemed to me it was coming directly toward us. I turned out to the right, and in doing so I hit the gravel and skidded, and the first thing I knew we were stopped, and had gone into the rail."

To say the least, it cannot be held, as a matter of law, that these facts conclusively show wilful misconduct on the part of the respondent within the meaning of section 141¾ of the California Vehicle Act (*Howard* v. *Howard*, 132 Cal. App. 124 [22 Pac. (2d) 279]; *Turner* v. *Standard Oil Co.*, 134 Cal. App. 622 [35 Pac. (2d) 988]). ▉ While negligence may appear with reference to the condition of the brakes and perhaps in other respects, it certainly cannot be said that the only possible inference from this evidence is that the respondent knew, or should have known, that an injury to her guest would probably result from anything she did or failed to do. Aside from any other consideration, a question of fact was presented which was for the trial court and the evidence supports the finding thereon. Had the findings been to the contrary, a much more serious question as to the sufficiency of the evidence might have been presented.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.